KISTLER, J.,
concurring in part and dissenting in part.
The United States District Court for the District of Oregon has certified four state law questions to this court. In answering the first two questions, the majority concludes that only the lender and its successors can be designated as the beneficiary on a trust deed. In answering the last two questions, the majority concludes that not every assignment of the lender’s interest in the trust deed must be recorded and that Mortgage Electronic Recording Systems, Inc. (MERS) can serve as the agent for both the lender and its successors if the record shows that those entities agreed to that arrangement. I agree with the majority’s answers to the last two questions but would answer the first two questions differently. In my view, nothing in state law precludes the parties to a trust deed from designating MERS as the beneficiary as long as MERS is serving as the agent for the lender and its successors.[1]
Bart and Jessica Brandrup executed a trust deed on their property to secure a debt evidenced by a note that they gave their lender, America’s Wholesale Lender. In their trust deed, the Brandrups designated MERS “acting solely as a nominee for Lender and Lender’s successors and assigns” as the “beneficiary under this Security Instrument.” The issue that the first two certified questions pose is whether state law required the Brandrups to designate America’s Wholesale Lender as the beneficiary rather than MERS acting as the nominee or agent for the lender and its successors.[2]
*711 The majority finds a complete answer to that issue in the definition of “beneficiary” in the Oregon Trust Deed Act. See ORS 86.705(2). That Act authorizes a borrower to grant a trust deed on real property to secure an underlying obligation[3] and, in a definitional section, provides that “‘[bjeneficiary’ means a person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person’s successor in interest * * * ” Id. As the majority observes, a trust deed secures an obligation, frequently evidenced by a promissory note, and the lender and its successors are the persons for whose benefit the trust deed is given; that is, the trust deed is given to secure the obligation that the grantor of the trust deed owes the lender. That much is unexceptional.
It is one thing, however, to say that the statutory definition identifies the lender and its successors as the persons who ordinarily will be the beneficiaries of the trust deed. It is quite another to find in that definition a legislative intent to preclude the parties to a trust deed from designating the agent of the lender and its successors as the beneficiary. We should be hesitant to find in that run-of-the-mill definition a limitation on the parties’ customary authority to structure their transactions as they see fit, unless the text, context, or history of that definition requires it. In my view, the statutory definition of beneficiary serves a more modest role than the one the majority assigns it. Certainly, nothing in the text of the definition expressly forecloses the parties from designating the lender’s agent as the beneficiary in the trust deed. Nor does the legislative history lend any support for the majority’s conclusion. Rather, the legislative history shows only that, in authorizing the use of trust deeds, the legislature sought to provide a more cost-effective means of foreclosing liens on real property and, in doing so, to expand the pool of capital available for small homeowners. See Minutes, House Committee on Judiciary, SB 117, Apr 16, 1959, at 1. It is difficult to derive from that history any *712 legislative intent to limit the parties’ ability to designate the lender’s agent as the beneficiary.
To be sure, the context provides a limitation on the persons whom the parties may designate as the beneficiary. As noted, a trust deed, like a mortgage, serves as security for the underlying obligation — in this case, a promissory note. Ordinarily, the mortgage follows the note. See Restatement (Third) of Property: Mortgages § 5.4(a) (1997) (“A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.”). Moreover, “[a] mortgage may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures.” Id. § 5.4(c). Put differently, “in general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation.” Id. § 5.4 comment e. One exception to that general rule occurs when the person who holds the mortgage does so as the “trustee or agent” of the person who has the right to enforce the obligation secured by the mortgage. Id. In that circumstance, the trustee or agent may enforce the mortgage on behalf of the lender and its successors.
On the one hand, that context suggests that the authority to name or otherwise designate the beneficiary does not extend to naming a person whose designation would render the trust deed unenforceable and thus defeat its purpose. See id. (noting that “in general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation”). On the other hand, that context suggests that the class of persons statutorily authorized to be “named or otherwise designated in [the] trust deed” as the beneficiary is not limited to the lender and its successors, as the majority concludes. Rather, it extends to persons (agents and trustees) who also may enforce the mortgage on behalf of the lender and its successors. Accordingly, I would hold that the statutory definition of beneficiary is broad enough to permit the parties to a trust deed to designate MERS as the beneficiary as long as MERS is the nominee or agent of the lender and its successors in interest.[4]
*713 Ultimately, the difference between my answer and the majority’s answer may be more semantic than substantive. After all, in answering the fourth question, the majority recognizes that, in theory, MERS can serve as the agent for the lender and its successors. The problem, as the majority correctly observes, with applying that theory in this case is that the record does not disclose whether the lender’s successors in interest also have authorized MERS to act as their agent. As I understand the majority’s answers, they effectively lead to the same conclusion that I would reach. However, because I would answer the first two certified questions differently from the majority, I dissent in part and concur in part in its answers.
Balmer, C. J., joins in this opinion concurring in part and dissenting in part.

 In referring to the lender’s successors, I am referring to those successors in interest that are entitled to enforce the obligation that the trust deed secures.

 As the majority notes, a nominee is a limited agent. See 353 Or at 707 n 15.

 Essentially, a trust deed is a mortgage with the power of sale. A trust deed differs from a mortgage primarily in that it conveys an interest in real property to a trustee to secure an obligation owed the beneficiary, see ORS 86.705(7), and, in the event of the grantor’s default, authorizes the trustee to conduct a nonjudicial foreclosure sale on behalf of the beneficiary, see ORS 86.710.

 The terms of the trust deed could be much clearer about the role that MERS plays. However, defendant argues that, under the terms of the trust deed, MERS *713 serves as the agent for the lender and its successors, and the terms of the trust deed permit that understanding.